## LOUIS FRISBIE, RESPONDENT, v. JAMES R. YOUNG, APPELLANT.

*Resident witness — exempt — from arrest on process — not from service of summons.*

A resident witness is, while attending examination, exempt from arrest, but not from the service of process.  A different rule applies to non-resident witnesses.

APPEAL from an order denying a motion to set aside the service of a summons, on the ground that the same was served while the defendant was attending examination as a witness.

*Brodhead & Wight*, for the appellant.

*W. S. Cowles*, for the respondent.

BRADY, J.:

The defendant was served with a summons while under examination as a witness *de bene esse*.  He came from another State here, and after his arrival was advised that his testimony was desired.  He consented to appear, and his examination was arranged by stipulation.   It is shown that, if he had not consented, compulsory

process would have been issued. It further appears, however, that he was a resident of this State at the time of the examination, according to his own statement then made, and his absence was, therefore, connected with business. He states, indeed, in the affidavit on which this motion rests, that he was not engaged in business in the city of Chicago, Illinois. As a resident witness, he was exempt *only from arrest* while attending for examination, and not from the service of process. Non-resident witnesses were discharged absolutely. (Graham's Pr. [2d ed.], 130, and cases cited.) The privilege does not extend to non-bailable process, or process on which no bail is demanded. The cases of *Lamkin* v. *Starkey* (14 N. Y. S. C. R., 479) and *Brett* v. *Brown* (13 Abb. [N. S.], 295) do not conflict with this view. They were cases of non-resident or foreign witnesses, to whom, as we have seen, a different rule applies. The Revised Statutes exonerated witnesses *from* arrest, and subjected the persons arresting them to action and a penalty. (2 R. S., old paging, 402; 3 R. S. [6th ed.], 665.) The defendant being a resident of this State, it follows that he could be served with a summons which did not interfere with his liberty. It was a non-bailable process.

The order made at Special Term was correct, therefore, and must be affirmed, with ten dollars costs and the disbursements of this appeal.

Davis, P. J., and Daniels, J., concurred.

Order affirmed, with ten dollars costs, besides disbursements.